OPINION OF THE COURT
John F. O’Donnell, J.
The plaintiffs have moved to compel defendant Consolidated Rail Corporation to disclose whether it possesses surveillance materials of the plaintiff, James M. Fronckowiak, prior to deposing plaintiffs.
The plaintiffs rely on CPLR 3101 (i) which requires full *719 disclosure of this type of material. The defendant relies upon DiMichel v South Buffalo Ry. Co. (80 NY2d 184 [1992]) which held that "surveillance films should be turned over only after a plaintiff has been deposed”. (80 NY2d 184, 197.)
In providing defendant with a preliminary deposition right, the Court in DiMichel attempted to "reconcile defendant’s interests in keeping matter prepared in anticipation of litigation private with plaintiff’s need to authenticate easily distorted visual evidence” (supra, at 198). The Court also sought to eliminate the danger of plaintiffs tailoring their testimony after learning of evidence defendant intends to produce at trial. (Supra, at 197.)
Plaintiffs argue that the amendment of CPLR 3101, to add subdivision (i) following DiMichel (supra), demonstrates the Legislature’s rejection of that decision. The plain language of the amendment restricts it to the issue of a plaintiff’s entitlement to discovery of all surveillance materials obtained by defendant, including out-takes, regardless of whether defendant will use them at trial. The amendment does not address the issue of when the mandated disclosure must occur.
The timing of disclosure of surveillance materials set forth in DiMichel (supra) has been addressed in Boulware v Triborough Bridge & Tunnel Auth. (161 Misc 2d 435 [Sup Ct, NY County 1994]) decided after the statutory change. This case does not address the question at bar, however.
Disclosure of the existence of surveillance tapes should keep plaintiffs honest. Those who are inclined to falsify their testimony will be less likely to do so knowing surveillance has occurred. Moreover, knowledge of the existence of surveillance tapes may obviate the need for further discovery in many instances, and may encourage settlements.
Disclosure that surveillance tapes exist without revealing their contents does not prejudice a defendant. In fact in many cases it is likely to strengthen defendant’s position.
DiMichel (supra) reiterates the policy that trial by ambush should be avoided. Permitting a defendant to delay disclosure of the existence of surveillance tapes until the examinations before trial have been concluded would be contrary to that purpose. While not condoning the exaggeration or falsification of the extent of a party’s injuries, to permit a defendant to "spring these films on the plaintiff” (DiMichel v South Buffalo Ry. Co., at 190) after he or she has testified without prior notice as to their existence would be patently unfair. Balanc *720 ing the rights of the parties in this instance leads to the conclusion that the relief sought should be granted.
For these reasons it is hereby,
Ordered, that the defendant Consolidated Rail Corporation must advise plaintiffs as to the existence of any surveillance materials prior to examination before trial.